# United States District Court

FILED

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

MAY 14 2019

### VENUE: SAN FRANCISCO

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

# CR19    0225

RS

CHAD SUNDERLAND,

DEFENDANT(S).

# INDICTMENT

21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute Methamphetamine;
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) – Possession with Intent to Distribute Heroin;
18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm;
18 U.S.C. § 922(o) – Possession of a Machinegun;
18 U.S.C. § 924(c) – Possession of a Firearm in Connection with a Drug Trafficking Crime;
18 U.S.C. § 924(d); 21 U.S.C. § 853; and 28 U.S.C. § 2461 (c) — Forfeiture Allegation.

A true bill.

_____
Foreman

Filed in open court this ___14___ day of

___MAY  2019___.

_____
Clerk

Bail, $ _____  NO BAIL ARREST WARRANT

SALLIE KIM
United States Magistrate Judge

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
     ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

### OFFENSE CHARGED

21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) - Possession with Intent to Distribute Methamphetamine; 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i) - Possession with Intent to Distribute Heroin; 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm; 18 U.S.C. § 922(o) - Possession of a Machinegun; 18 U.S.C. § 924(c) - Possession of a Firearm in Connection with a Drug Trafficking Crime

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  See Attachment A (attached hereto and incorporated by reference)

DEFENDANT - U.S    MAY 1 4 2019

SUSAN Y. SOONG
Chad Sunderland   CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

DISTRICT COURT NUMBER

## CR19    0225

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☒ person is awaiting trial in another Federal or State Court, give name of court

California Superior Court - Humboldt County

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   David L. Anderson

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Briggs Matheson

### DEFENDANT

IS *NOT* IN CUSTODY
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal   ☐ State

6) ☒ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution
   California Superior Court - Humboldt County

Has detainer been filed?   ☐ Yes   ☒ No
If "Yes" give date filed

DATE OF ARREST   Month/Day/Year   December 28, 2018

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

**ATTACHMENT A TO PENALTY SHEET**

Chad Sunderland – CR _____

CR19    0225



**21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute Methamphetamine**
- Minimum term of imprisonment: 5 years;
- Maximum term of imprisonment: 20 years;
- Maximum term of supervised release: 4 years;
- Maximum fine: $5,000,000;
- Mandatory special assessment: $100.

**21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute Heroin**
- Minimum term of imprisonment: 5 years;
- Maximum term of imprisonment: 20 years;
- Maximum term of supervised release: 4 years;
- Maximum fine: $5,000,000;
- Mandatory special assessment: $100.

**18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm**
- Maximum term of imprisonment: 10 years;
- Maximum fine: $250,000 fine;
- Maximum term of supervised release: 3 years;
- Mandatory special assessment: $100.

**18 U.S.C. § 922(o) – Possession of a Machinegun**
- Maximum term of imprisonment: 10 years;
- Maximum fine: $250,000 fine;
- Maximum term of supervised release: 3 years;
- Mandatory special assessment: $100.

**18 U.S.C. § 924(c) – Possession of a Firearm in Connection with a Drug Trafficking Offense**
- Minimum term of imprisonment: 5 years
- Maximum term of imprisonment: life
- Maximum fine: $250,000 fine;
- Maximum term of supervised release: 5 years;
- Mandatory special assessment: $100.

1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,              **CR19     0225**

12          Plaintiff,                     )
                                           )
13      v.                                 )  VIOLATIONS:
                                           )  21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) –
14  CHAD SUNDERLAND,                       )  Possession with Intent to Distribute
                                           )  Methamphetamine;
15          Defendant.                     )  21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) – Possession
                                           )  with Intent to Distribute Heroin;
16                                         )  18 U.S.C. § 922(g)(1) – Felon in Possession of a
                                           )  Firearm;
17                                         )  18 U.S.C. § 922(o) – Possession of a Machinegun;
                                           )  18 U.S.C. § 924(c) – Possession of a Firearm in
18                                         )  Connection with a Drug Trafficking Crime;
                                           )  18 U.S.C. § 924(d), 21 U.S.C. § 853; and 28 U.S.C. §
19                                         )  2461(c) – Forfeiture Allegation.
                                           )
20  _____       )  SAN FRANCISCO VENUE

21                          I N D I C T M E N T

22  The Grand Jury charges:

23  COUNT ONE:        (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute

24                     50 Grams and More of Methamphetamine)

25      On or about December 28, 2018, in the Northern District of California, the defendant,

26                          CHAD SUNDERLAND,

27  did knowingly and intentionally possess with intent to distribute 50 grams and more of a mixture and

28  substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its

INDICTMENT                                    1

1 | isomers, a Schedule II controlled substance in violation of Title 21, United States Code, Sections

2 | 841(a)(1) and (b)(1)(B)(viii).

3 | COUNT TWO:          (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute
                              100 Grams and More of Heroin)

4 |

5 |        On or about December 28, 2018, in the Northern District of California, the defendant,

6 | CHAD SUNDERLAND,

7 | did knowingly and intentionally possess with intent to distribute 100 grams and more of a mixture and

8 | substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of

9 | Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i).

10 | COUNT THREE:        (18 U.S.C.§ 922(g)(1) – Felon in Possession of Firearm)

11 |        On or about December 28, 2018, in the Northern District of California, the defendant,

12 | CHAD SUNDERLAND,

13 | possessed a firearm, namely, one Smith & Wesson semiautomatic pistol bearing serial number

14 | HNK6612, in and affecting interstate and foreign commerce, having been previously convicted of a

15 | crime punishable by a term of imprisonment exceeding one year, and did so knowingly, all in violation

16 | of Title 18, United States Code, Section 922(g)(1).

17 | COUNT FOUR:         (18 U.S.C. § 922(o) – Possession of a Machinegun)

18 |        On or about December 28, 2018, in the Northern District of California, the defendant,

19 | CHAD SUNDERLAND,

20 | did knowingly possess a machinegun, namely, a .223-caliber weapon made from a rifle which shoots, is

21 | designed to shoot, and can be readily restored to shoot, automatically, and knew, and was aware of, the

22 | characteristics of the .223-caliber weapon made from a rifle which shoots, is designed to shoot, and can

23 | be readily restored to shoot, automatically, all in violation of Title 18, United States Code, Sections

24 | 922(o) and 924(a)(2).

25 | COUNT FIVE:         (18 U.S.C. § 924(c) – Possession of a Firearm in Connection with a Drug
                              Trafficking Crime)

26 |

27 |        On or about December 28, 2018, in the Northern District of California, the defendant,

28 | CHAD SUNDERLAND,

1   did knowingly possess a firearm, that is, a Smith & Wesson semiautomatic pistol bearing serial number

2   HNK6612, in furtherance of the drug trafficking crime charged in Counts One and Two of this

3   Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

4   <u>FORFEITURE ALLEGATION</u>:        (18 U.S.C. § 924(d); 21 U.S.C. § 853(a); 28 U.S.C. § 2461(c))

5           The allegations contained in Counts One through Five of this Indictment are hereby re-alleged

6   and incorporated by reference for the purposes of alleging forfeiture pursuant to the provisions of Title

7   18, United States Code, Section 924; Title 21, United States Code, Section 853; and Title 28, United

8   States Code, Section 2461.

9           Upon conviction of any offense alleged in Counts One and Two of this Indictment, the

10  defendant,

11                                      CHAD SUNDERLAND,

12  shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), all right, title,

13  and interest in any property constituting or derived from any proceeds the defendant obtained, directly or

14  indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or

15  part, to commit or to facilitate the commission of such violations, including but not limited to a

16  forfeiture money judgment and the following property:

17          a.      one (1) Smith & Wesson semiautomatic pistol bearing serial number HNK6612;

18          b.      one (1) .223-caliber weapon made from a rifle; and

19          c.      all ammunition seized with or in the above firearms, including three (3) rounds of

20                  9mm ammunition bearing the head-stamp "WIN 9mm LUGER."

21          Upon conviction of any offense alleged in Counts Three, Four, or Five of this Indictment, the

22  defendant,

23                                      CHAD SUNDERLAND,

24  shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28,

25  United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the

26  offense, including but not limited to, the following property:

27          a.      one (1) Smith & Wesson semiautomatic pistol bearing serial number HNK6612;

28          b.      one (1) .223-caliber weapon made from a rifle; and

INDICTMENT                                    3

c.    all ammunition seized with or in the above firearms, including three (3) rounds of 9mm ammunition bearing the head-stamp "WIN 9mm LUGER."

If any of the property described above, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 924; Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461; and Federal Rule of Criminal Procedure 32.2.

DATED: 5/14/2019

A TRUE BILL.

FOREPERSON
San Francisco

DAVID L. ANDERSON
United States Attorney

BRIGGS MATHESON
Assistant United States Attorney

INDICTMENT    4