AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☒ INFORMATION ☐ INDICTMENT
☒ SUPERSEDING

---- OFFENSE CHARGED ----

21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) - Possession with Intent to Distribute Methamphetamine; 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i) - Possession with Intent to Distribute Heroin; 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm; 18 U.S.C. § 922(o) - Possession of a Machinegun; 18 U.S.C. § 924(c) - Possession of a Firearm in Connection with a Drug Trafficking Crime

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See Attachment A (attached hereto and incorporated by reference)

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

---- DEFENDANT - U.S ----
▶ Chad Eric Sunderland

DISTRICT COURT NUMBER
19-cr-0225 RS

**FILED**
NOV 14 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

---- DEFENDANT ----

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction        ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No   If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form     David L. Anderson
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Briggs Matheson

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

ATTACHMENT A TO PENALTY SHEET

*United States v. Chad Eric Sunderland*, No. 19-cr-0225 RS

Penalties

FILED

NOV 14 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute Methamphetamine**
- Minimum term of imprisonment: 5 years;
- Maximum term of imprisonment: 40 years;
- Maximum term of supervised release: 4 years;
- Maximum fine: $5,000,000;
- Mandatory special assessment: $100.

**21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) – Possession with Intent to Distribute Heroin**
- Minimum term of imprisonment: 5 years;
- Maximum term of imprisonment: 40 years;
- Maximum term of supervised release: 4 years;
- Maximum fine: $5,000,000;
- Mandatory special assessment: $100.

**18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm**
- Maximum term of imprisonment: 10 years;
- Maximum fine: $250,000 fine;
- Maximum term of supervised release: 3 years;
- Mandatory special assessment: $100.

**18 U.S.C. § 922(o) – Possession of a Machinegun**
- Maximum term of imprisonment: 10 years;
- Maximum fine: $250,000 fine;
- Maximum term of supervised release: 3 years;
- Mandatory special assessment: $100.

**18 U.S.C. § 924(c) – Possession of a Firearm in Connection with a Drug Trafficking Offense**
- Minimum term of imprisonment: 5 years
- Maximum term of imprisonment: life
- Maximum fine: $250,000 fine;
- Maximum term of supervised release: 5 years;
- Mandatory special assessment: $100.

| | |
|---|---|
| 1 | DAVID L. ANDERSON (CABN 149604)<br>United States Attorney |
| 2 | |
| 3 | |

FILED

NOV 14 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. 19-cr-0225 RS |
|---|---|
| Plaintiff, | )<br>) |
| v. | ) VIOLATIONS:<br>) 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) –<br>) Possession with Intent to Distribute |
| CHAD ERIC SUNDERLAND, | ) Methamphetamine;<br>) 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) – Possession |
| Defendant. | ) with Intent to Distribute Heroin;<br>) 18 U.S.C. § 922(g)(1) – Felon in Possession of a<br>) Firearm;<br>) 18 U.S.C. § 922(o) – Possession of a Machinegun;<br>) 18 U.S.C. § 924(c) – Possession of a Firearm in<br>) Connection with a Drug Trafficking Crime;<br>) 18 U.S.C. § 924(d), 21 U.S.C. § 853; and 28 U.S.C. §<br>) 2461(c) – Forfeiture Allegation.<br>)<br>) |

SUPERSEDING INFORMATION

The Grand Jury charges:

COUNT ONE:   (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) – Possession with Intent to Distribute 50 Grams and More of Methamphetamine)

On or about December 28, 2018, in the Northern District of California, the defendant,

CHAD ERIC SUNDERLAND,

did knowingly and intentionally possess with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its

SUPERSEDING INFORMATION
NO. 19-CR-0225 RS                                          1

isomers, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).

COUNT TWO: (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(i) – Possession with Intent to Distribute 100 Grams and More of Heroin)

On or about December 28, 2018, in the Northern District of California, the defendant,

CHAD ERIC SUNDERLAND,

did knowingly and intentionally possess with intent to distribute 100 grams and more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(i).

COUNT THREE: (18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm)

On or about December 28, 2018, in the Northern District of California, the defendant,

CHAD ERIC SUNDERLAND,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, namely, one Smith & Wesson semiautomatic pistol bearing serial number HNK6612, and the firearm was in and affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(1).

COUNT FOUR: (18 U.S.C. § 922(o) – Possession of a Machinegun)

On or about December 28, 2018, in the Northern District of California, the defendant,

CHAD ERIC SUNDERLAND,

did knowingly possess a machinegun, namely, a .223-caliber weapon made from a rifle which shoots, is designed to shoot, and can be readily restored to shoot, automatically, and knew, and was aware of, the characteristics of the .223-caliber weapon made from a rifle which shoots, is designed to shoot, and can be readily restored to shoot, automatically, all in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

COUNT FIVE: (18 U.S.C. § 924(c) – Possession of a Firearm in Connection with a Drug Trafficking Crime)

On or about December 28, 2018, in the Northern District of California, the defendant,

CHAD ERIC SUNDERLAND,

did knowingly possess a firearm, that is, a Smith & Wesson semiautomatic pistol bearing serial number HNK6612, in furtherance of the drug trafficking crime charged in Counts One and Two of this Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

<u>FORFEITURE ALLEGATION</u>: (18 U.S.C. § 924(d); 21 U.S.C. § 853(a); 28 U.S.C. § 2461(c))

The allegations contained in Counts One through Five of this Indictment are hereby re-alleged and incorporated by reference for the purposes of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.

Upon conviction of any offense alleged in Counts One and Two of this Indictment, the defendant,

**CHAD ERIC SUNDERLAND,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), all right, title, and interest in any property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not limited to a forfeiture money judgment and the following property:

    a. one (1) Smith & Wesson semiautomatic pistol bearing serial number HNK6612;

    b. one (1) .223-caliber weapon made from a rifle; and

    c. all ammunition seized with or in the above firearms, including three (3) rounds of 9mm ammunition bearing the head-stamp "WIN 9mm LUGER."

Upon conviction of any offense alleged in Counts Three, Four, or Five of this Indictment, the defendant,

**CHAD ERIC SUNDERLAND,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in the commission of the offense, including but not limited to, the following property:

    a. one (1) Smith & Wesson semiautomatic pistol bearing serial number HNK6612;

    b. one (1) .223-caliber weapon made from a rifle; and

   c. all ammunition seized with or in the above firearms, including three (3) rounds of 9mm ammunition bearing the head-stamp "WIN 9mm LUGER."

If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 924; Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461; and Federal Rule of Criminal Procedure 32.2.

DATED: November 14, 2019

            DAVID L. ANDERSON
            United States Attorney

            BRIGGS MATHESON
            Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**FILED**
NOV 14 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## CRIMINAL COVER SHEET

*Instructions:* Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.

| | |
|---|---|
| **CASE NAME:** USA v. CHAD ERIC SUNDERLAND | **CASE NUMBER:** CR 19-CR-00225 RS |
| Is This Case Under Seal? | Yes    No ✓ |
| Total Number of Defendants: | 1 ✓    2-7    8 or more |
| Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326? | Yes    No ✓ |
| Venue (Per Crim. L.R. 18-1): | SF ✓    OAK    SJ |
| Is this a potential high-cost case? | Yes    No ✓ |
| Is any defendant charged with a death-penalty-eligible crime? | Yes    No ✓ |
| Is this a RICO Act gang case? | Yes    No ✓ |
| Assigned AUSA (Lead Attorney): BRIGSS MATHESON | Date Submitted: 11/14/19 |

**Comments:**

Superseding Information

RESET FORM    SAVE PDF

Form CAND-CRIM-COVER (Rev. 11/16)